Case 3:16-cv-01123-LAB-NLS Document 3 Filed 05/16/16 PageID.8 Page 1 of 3

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTOREY D. HARPER,<br><br>         Plaintiff,<br>vs.<br>US DOJ,<br><br>         Defendant. | CASE NO. 16cv1123-LAB (NLS)<br><br>**ORDER OF DISMISSAL** |

Montorey Harper has sued the US DOJ under 42 U.S.C. § 1983 because police officers drive by him. (Docket no. 1.) He claims that highway patrol has driven by him for years, and the "City [of] Los Angeles used it[s] police officer today [at] about nine to harass [him]." (*Id.*) He suggests that this happened because "the United States knows [he has] suits against it." (*Id.*) He seeks "1,000,000,000,000,000,000,000 . . . or the largest amount allowed under the law." (*Id.*) He also moves to proceed in forma pauperis (IFP). (Docket no. 2.)

**I. IFP Motion**

All parties instituting a civil action in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Harper moves to proceed IFP, and contends that he

- 1 -                       16cv1123

only has $5. (Docket no. 2.)  Having reviewed Harper's affidavit of assets, the Court finds that he's unable to pay the fees or post securities required to maintain a civil action. *See* CivLR 3.2. The motion to proceed IFP is **GRANTED**.

## II.   Screening

A complaint filed by any person proceeding IFP is subject to sua sponte dismissal, however, if it's "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam). While the Court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010), it may not "supply essential elements of claims that were not initially pled," *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

In order to state a claim under 42 U.S.C. § 1983, Harper must allege facts to show: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivations were committed by persons acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Harper has alleged no violation of a Constitutional right, so he hasn't stated a claim upon which § 1983 relief can be granted. And he has sued the United States Department of Justice—an entity that isn't acting "under the color of *state* law."  This action is frivolous and is **DISMISSED**. Amendment under the circumstances of this case would be futile.

## III.   Vexatious Litigant Statute

A search reveals that Harper has filed 10 similar actions in the Southern District of California within the last two months.  *See* 3:16-cv-00763-AJB (BLM), 3:16-cv-00765-BTM (JLB), 3:16-cv-00766-AJB (BLM), 3:16-cv-00768-AJB (BLM), 3:16-cv-00769-AJB (BLM), 3:16-cv-00834-LAB (WVG), 3:16-cv-00992-GPC (BGS), 3:16-cv-01122-JAH (KSC), 3:16-cv-01123-LAB (NLS), 3:16-cv-01124-AJB (JLB).  The Court finds this behavior vexatious.  Harper is warned that federal courts have the authority to declare litigants

vexatious and to impose pre-filing conditions on them. 28 U.S.C. § 1651(a); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). Harper is also warned that courts may impose sanctions on a litigant that submits a frivolous pleading. Fed. R. Civ. P. 11.

**IV. Conclusion**

This case is **DISMISSED WITHOUT LEAVE TO AMEND**. Any appeal would be frivolous, could not be taken in good faith, and, under 28 U.S.C. § 1915(a)(3), may not be taken in forma pauperis.

**IT IS SO ORDERED**.

DATED: May 12, 2016

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge